IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

OLUWADAYISI OMOSULE,  :  Case No. 3:13-cv-186

    Plaintiff,

                                  District Judge Timothy S. Black

       vs.  :  Magistrate Judge Michael J. Newman

INS, *et al.*,

    Defendants.  :

_____

### REPORT AND RECOMMENDATION[1]
_____

*Pro se* Plaintiff was granted leave to proceed *in forma pauperis*. Doc. 2. This matter is before the Court for a *sua sponte* review of his complaint (doc. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court may dismiss Plaintiff's complaint upon finding (1) his claims are frivolous or malicious; (2) he fails to state a claim upon which relief may be granted; or (3) he seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A complaint should be dismissed as frivolous if it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint has no arguable factual basis when its allegations are "fantastic or delusional"; and no arguable legal basis when it presents "indisputably meritless" legal theories -- for example, when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* Fed. R. Civ. P. 12(b)(6) dismissal standard to § 1915(e)(2)(B)(ii)).

*Pro se* Plaintiff brings this action against the INS.[2] Doc. 3. Additionally, Plaintiff names Judge Schneider-Carter (a Butler County, Ohio Domestic Relations Court Judge); Magistrate McBride (a Butler County, Ohio Domestic Relations Court Magistrate); and the Butler County, Ohio Child Support Enforcement Agency as Defendants. *Id.* The entirety of his complaint reads as follows:

> Since Dec[ember] 2008, INS seizes my Residence Card at the Sweetgrass, MT. Since then I cannot work, I cannot renew my driver license, and I cannot take care of my children. The case is still at the Immigration and Naturalization Court in Cleveland, Ohio. But the same time Butler County has found me in contempt of court on June 6th, 2013 for not paying Child Support. Sanctions-Recommendations was 60 days incarceration with a further recommendation that the sentence be stayed on the following conditions: Obligor may purge his/her contempt by paying, in addition to the current order, at least $1,000.00 toward the arrears due no later than August 20th, 2013 and continue paying child support as previously ordered.

---

[2] Presumably, Plaintiff intends to name the Department of Homeland Security Bureau of Immigration and Customs Enforcement and Bureau of Citizenship and Immigration Services, which replaced the Department of Justice Immigration and Naturalization Service in 2003. *See Niyibizi v. Mukasey*, 300 F. App'x 371, 372 n.1 (6th Cir. 2008).

2

> The INS is responsible for this accumulation of child support because the agency seize the one only right for me to obtain works and also seize my passport, which denied my access to travel to another place to find work.
>
> Judge Schneider-Carter is the Judge in this case who did not put stop to this outrageous fine and punishment.
>
> Magistrate McBride is the magistrate who imposed these excessive fines.
>
> Butler County CSEA is the agency who refuses to cancel this order even when the Obligee, Ms. Larissa L. Martin appears in Butler County Domestic Relations Court in open court stated that she wants to forgive Obligor for the Child Support and the all the back payments.

*Id.* at PageID 16 (capitalization and punctuation altered).

> Plaintiff then requests the following relief:
>
> I want the Court to award me the amount of $50,000.00 so that I can pay my child support[] and other bills that I might have accumulated in the course of the time INS seized my residence card.  I would also want this Court to revised[] the excessive punishments from the Butler County Domestic Relations Court because the circumstances that prevent me to make payments of the child supports is beyond my control.

*Id.* at PageID 17 (capitalization and punctuation altered).

There are multiple reasons why Plaintiff's *pro se* complaint merits dismissal as frivolous, and for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

First, Plaintiff is attempting to challenge what occurred in the Butler County, Ohio Domestics Relations Court.  His proper remedy, however, is to file an appeal in the appropriate Ohio Court of Appeals, not challenge a Domestic Relations Court's Order here, presumably under 42 U.S.C. § 1983.  *See McCormick v. Braverman*, 451 F.3d 382, 393-96 (6th Cir. 2006) (finding federal district courts lack subject matter jurisdiction, under the *Rooker-Feldman* doctrine, over claims that attempt to appeal a state court judgment); *accord Kinter v. Boltz*, No. 3:12-cv-85, 2012 WL 2871623, at *2-3, 2012 U.S. Dist. LEXIS 96482, at *5-9 (S.D. Ohio July 12, 2012), *aff'd*, No. 12-4167 (6th Cir. May 1, 2013).

3

Second, the same analysis applies with respect to Defendant INS. Plaintiff alleges in the complaint that his immigration proceedings are ongoing. Thus, the proper remedy, if there is one, is administrative, not a lawsuit in this Court. *See Omosule v. INS*, No. 98-4037, 1999 WL 1000839, at *1, 1999 U.S. App. LEXIS 28509, at *2-3 (6th Cir. Oct. 28, 1999).

Third, with respect to the judge and the magistrate named as Defendants, Plaintiff challenges acts performed as judicial functions; accordingly, each is entitled to absolute judicial immunity. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Finally, the Court notes *sua sponte* that Plaintiff has previously filed complaints in this Court against the INS and others, and each time his complaint was dismissed. *See Omosule v. INS*, No. 3:12-cv-101, 2012 WL 1203563, 2012 U.S. Dist. LEXIS 49920 (S.D. Ohio Apr. 10, 2012) (Ovington, M.J.), *adopted in* 2012 WL 1810193, 2012 U.S. Dist. LEXIS 69466 (S.D. Ohio May 17, 2012) (Black, J.); *Omosule v. INS*, No. 3:09-cv-421, 2010 WL 3001926, 2010 U.S. Dist. LEXIS 87737 (S.D. Ohio July 29, 2010) (Merz, M.J.; Consent Case); *Omosule v. INS*, 3:98-cv-232 (S.D. Ohio Aug. 25, 1998) (Merz, M.J.; Consent Case), *aff'd*, No. 98-4037, 1999 WL 1000839, 1999 U.S. App. LEXIS 28509 (6th Cir. Oct. 28, 1999).[3] Those dismissals serve as a bar, on *res judicata* and/or collateral estoppel grounds, to his current attempt to seek the same or similar relief. *Accord Williams v. Moyer*, 9 F. App'x 324, 326 (6th Cir. 2001).

The Court therefore **RECOMMENDS** that: (1) Plaintiff's complaint be **DISMISSED**; and (2) this case be **CLOSED**.

June 14, 2013                                         s/ **Michael J. Newman**
                                                      United States Magistrate Judge

---

[3] Additionally, *pro se* Plaintiff has previously filed a lawsuit against officials in Greene County, Ohio and Butler County, Ohio challenging child support orders. *Omosule v. Hurley*, No. 3:09-cv-261, 2009 WL 5167641, 2009 U.S. Dist. LEXIS 120104, 2009 U.S. Dist. LEXIS 82166 (S.D. Ohio Nov. 30, 2009) (Ovington, M.J.; Rice, J.). He has also filed a *habeas* petition, attempting to challenge the sentence imposed by the Greene County, Ohio Domestic Relations Court for non-payment of child support. *Omosule v. Greene Cnty. Domestic Relations Ct.*, No. 3:09-cv-374, 2009 WL 4884198, 2009 U.S. Dist. LEXIS 117223, 2009 U.S. Dist. LEXIS 117221 (S.D. Ohio Dec. 16, 2009) (Ovington, M.J.; Rice, J.).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).